Belford, J.
This is an action to recover $13,195.11 for a breach of a purchase and sale agreement and a promissory note arising from a transaction for the sale of a condominium unit in the Landsdowne Villages condominium complex located in South Easton, Massachusetts.
The matter is before this division on the plaintiffs, llene Quegan, appeal from the Taunton District Court’s decision in favor of the defendant Guessippina Bonner.
We find no error.
The facts are as follows:
The plaintiff purchased the property in 1986 for $93,000 as an investment in conjunction with other real estate related activities. The parties met through a mutual acquaintance, and the defendant initially began renting a condominium unit at Landsdowne Village. On July 12,1990, the defendant entered into an agreement to purchase Unit 12-10 from the plaintiff for a purchase price of $115,000. The plaintiff held the unit in the name of a trust, subject to a mortgage in the approximate amount of $115,000. Although the defendant initially deposited no money, the original agreement stipulated a deposit of $10,000. A notation on the agreement provided for subsequent payments of $5,000 on September 1, 1990, and $5,000 on January 1,1991. The agreement provided that if the defendant breached the agreement the plaintiff would retain the deposits as liquidated damages.
A second agreement and separate promissory note were entered into by the parties on September 1, 1990. The second agreement established a sale price of $115,000 and entitled the defendant to purchase the property on July 2,1994. Passage of. title was contingent on the defendant’s ability to (1) pay the mortgage monthly; (2) pay all expenses including, but not limited to, contents and liability insurance, real estate taxes, condominium fees, improvements, repairs, and utilities relating to the property; (3) provide before July 2, 1994, $30,000 in periodic payments which would be deducted from the $115,000 purchase price; (4) obtain and maintain a life insurance policy with Ms. Leavitt as beneficiary in an amount sufficient to pay the balance due on the $115,000; and (5) pay on July 2,1994, the balance of the $115,000.
The separate promissory note established an obligation in the name of the defendant in the amount of $110,000. The promissory note required the defendant to make $25,000 in scheduled payments and approximately $45,000 in monthly *106 payments prior to July 2, 1994, and the $40,000 remainder on July 2, 1994. The promissory note provided that the defendant held no right, title or ownership interest in Unit 12-10 until consummation of the conveyance. The subsequent financial arrangements arose from the defendant’s inability to obtain financing.
The defendant failed to make the payments provided for by the agreements, and the plaintiff evicted her in December of 1992. Defendant’s failure to make subsequent mortgage payments led to the foreclosure of Unit 12-10.
The plaintiff contends that the decision of the district court is clearly against the weight of evidence offered at trial. The plaintiff further contends that the judge’s findings that the plaintiff was in the same position that she would have been in had the contract been fulfilled and that the liquidated damages be construed as an unenforceable penalty clause are in error.
For the following reasons, we affirm the holding of the district court:
The trial court, in setting forth and applying a valid principle of law, held that the plaintiff’s damages were limited to those that the plaintiff could have recovered if the agreement had been fulfilled. See John Hetherington & Sons, Ltd. v. William First Co., 210 Mass. 8, 95 N.E. 961 (1911). The district courts conclusion that the plaintiff remains in the same position as she would have been in had the contract been fulfilled by the defendant is correct, and the plaintiff puts forth no evidence to dispute this. The financial arrangements were structured so as to remove the plaintiff from the burden of the mortgage on Unit 12-10. The trial court correctly points out that no deficiency judgment was advanced against the plaintiff and that the plaintiff is in no worse position than she would have been had the defendant taken title to the condominium unit. The plaintiff fails to set up evidence establishing such an inauspicious position. ‘The complaining party must establish his claim upon a solid foundation in fact, and cannot recover when any essential element is left to conjecture, surmise or hypothesis.” John Hetherington & Sons, Ltd., 95 N.E. 961, 964.
Liquidated damages is a sum fixed as an estimate made by the parties at the time when the contract is entered into of the extent of the injury which a breach of the contract will cause. Factory Realty Corporation v. Corbin-Holmes Shoe Co., 312 Mass. 325, 44 N.E.2d 671. Since the sum specified in the contract is not a fixed amount, this clause is an unenforceable penalty clause. Judgment is affirmed, and the appeal is dismissed.